# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-08081-RGK (SKx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | *A.L. Steiner v. University of Southern California et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS)** Order Re: Motion to Dismiss for Failure to Exhaust
Administrative Remedies (DE 23)

On February 7, 2017, the Court ordered Plaintiff A.L. Steiner to show cause why her remaining Title VII claims should not be dismissed for failure to exhaust administrative remedies. The Court gave Steiner until Friday, February 10, 2017 to file a response. Steiner failed to timely file a response, and instead filed her response on Monday, February 13, 2017. Steiner states that the filing was late because her attorneys failed to train their support staff on how to make filings in federal court. The Court allowed Defendant USC to file a reply to Steiner's late response, but held off on deciding whether to accept Steiner's late filing.

Court-ordered filing deadlines serve several very important functions in federal court. First, they allow Courts to manage their caseloads efficiently and ensure judicial economy. The interests of justice are also served by strict adherence to deadlines. One of the biggest criticisms of our legal system is the amount of time it takes for cases to move through the courts—vigilant case management, including an insistence on adherence to deadlines, is one of the best ways to address this chronic problem.

Absent a compelling reason, therefore, the Court is not inclined to accept filings that fail to comply with Court-imposed deadlines. Here, Steiner argues that her three-day delay in filing a response to the OSC should be excused because her attorneys failed to properly train their staff on how to file documents in federal court. The Court finds this excuse lacking. Attorneys practicing in federal court are tasked with ensuring that their documents are properly and timely filed with the Court, and cannot use their support staff as scapegoats. Further, the fact that Plaintiff's response to the OSC was not filed on Saturday or Sunday indicates that perhaps there were reasons for the delay beyond mere unfamiliarity with federal filing systems.

For the foregoing reasons, the Court will **NOT** accept Steiner's late response to the OSC. Because Steiner has failed to timely show cause why the Court should not dismiss her remaining Title

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-08081-RGK (SKx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | *A.L. Steiner v. University of Southern California et al* | | |

VII claims for failure to exhaust administrative remedies, the Court thereby **DISMISSES** Plaintiff's remaining claims.[1]

**IT IS SO ORDERED.**

Initials of Preparer _____ : _____

_____

[1] Plaintiff should note, however, that this ruling is *not* made on the merits of whether she exhausted her administrative remedies, and therefore shall *not* have issue preclusive effect in any future arbitral proceedings regarding exhaustion of administrative remedies for Plaintiff's FEHA claims.